UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

**FILED**

MAR 0 3 2005

CLERK

| | |
|---|---|
| LEE ANDERSON, | ) CIV 05-4005-KES |
| Petitioner, | ) |
| vs. | ) FINDINGS AND RECOMMENDATIONS |
| DOUGLAS WEBER, Warden, South Dakota State Penitentiary, | ) |
| Respondent. | ) |

The petitioner, Lee Anderson, filed an application for federal habeas corpus pursuant to 28 U.S.C. § 2254 on January 12, 2005. United States District Judge Karen E. Schreier granted the petitioner's motion to proceed in forma pauperis, ordered the Clerk to file the petition, and ordered the Attorney General of the State of South Dakota to file an answer or responsive pleading within thirty days following the date of service by mail, and referred the matter the undersigned Magistrate Judge for the purpose of appointment of counsel, conducting necessary hearings, including evidentiary hearings, and submission to the court of proposed findings and recommendations. The state filed their response on February 11, 2005, and the petitioner filed his response on February 17, 2005.

The state alleges that this petition is the second successive habeas petition which raises substantially the same issues as the petitioner raised in Civ. No. 01-4173. Further, the state alleges that 28 U.S.C. § 2244(b)(3)(A) prohibits a second or successive habeas petition unless the petitioner has received permission from the Eighth Circuit Court to proceed. There is no showing in the record that the Eighth Circuit Court of Appeals has allowed the petitioner to

proceed with a successive writ, and therefore, it is my finding and recommendation that the present writ of habeas corpus be dismissed as a second or successive writ.

Dated this 3rd day of March, 2005.

BY THE COURT:

_____
MARSHALL P. YOUNG
UNITED STATES MAGISTRATE JUDGE

## NOTICE

The parties have ten (10) days after service of this report and recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections may result in waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court.

[Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990)]
[Nash v. Black, 781 F.2d 665 (8th Cir. 1986)]

2